UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE ERNESTO PUJOLS, *Petitioner*, | ) ) ) | 3:23-CV-564 (SVN) |
| v. | ) ) | |
| STOVER, *Respondent*. | ) ) ) | July 14, 2023 |

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Jose Ernesto Pujols filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking immediate application of his First Step Act ("FSA") earned time credits. In response to the Court's order to show cause, Respondent, the Warden of the federal prison where Petitioner is housed, contends that the Bureau of Prisons ("BOP") has properly calculated all of Petitioner's earned time credits, but that application of those credits to Petitioner's sentence is premature. For the following reasons, the Court agrees with Respondent and thus DENIES the petition for a writ of habeas corpus.

I.  **BACKGROUND**

On July 22, 2021, Petitioner pleaded guilty in the District of Massachusetts to money laundering and conspiracy to commit money laundering in violation of 21 U.S.S. §§ 1956(a)(1)(2) and 1956(h). ECF No. 9-1 at 13; ECF No. 9-2 at 1. On April 8, 2022, Petitioner was sentenced to a term of imprisonment of sixty months. ECF No. 9-2 at 2. The sentencing court did not impose a term of supervised release. *Id.* at 3; Am. Pet., ECF No. 11, at 7.

In April of 2023, Petitioner filed a habeas petition challenging BOP's refusal to apply his FSA time credits. ECF No. 1. The Court observed that the initial habeas petition was unsigned

and directed Petitioner to file a signed amended petition. ECF No. 4. In the interim, the Court entered an Order to Show Cause requiring Respondent to file a response to the arguments raised in the initial petition, ECF Nos. 6, 7, which Respondent timely filed, ECF No. 9. Thereafter, Petitioner filed the operative habeas petition, ECF No. 11, and a response to Respondent's response to the order to show cause, ECF No. 13. Respondent then filed a notice indicating his request for the Court to consider the merits of his earlier-filed response as applied to the operative petition. ECF No. 14; *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008).

## II. LEGAL STANDARD

A federal prisoner may petition for habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Thus, § 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *Dailey v. Pullen*, No. 3:22-cv-1121 (SRU), 2023 WL 3456696, at *2 (D. Conn. May 15, 2023) (considering a challenge to FSA time credit calculation on a § 2241 petition).

The FSA encourages federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs") by providing time credits to an inmate who successfully participates in such programs. *See* 18 U.S.C. § 3632(d)(4)(C); 28 C.F.R. § 523.40(b); *Dailey*, 2023 WL 3456696, at *2. An inmate classified as minimum or low risk of recidivism earns either ten or fifteen days of FSA time credits for every thirty days of successful

participation in EBRRs or PAs. 18 U.S.C. § 3632(d)(4)(A). When an inmate has earned FSA time credits "in an amount that is equal to" the remainder of the inmate's term of imprisonment, and when certain other requirements are met, the BOP applies the time credits toward the inmate's early release. 18 U.S.C. § 3624(g)(1)(A). In other words, the inmate is not "eligible" for application of his FSA time credits until the number of credits equals the number of days remaining in his sentence. *See id.*; *Dailey*, 2023 WL 3456696, at *4 ("As a result, although an individual may earn FSA time credits on an on-going basis, the individual is not eligible to have FSA credits applied until the time credits are equal to the individual's pending term of imprisonment.").

      The application of these time credits enables an inmate to be transferred earlier than the completion date of his sentence to prerelease custody, such as home confinement or placement at a residential reentry center, or to supervised release. *See* 18 U.S.C. §§ 3624(g)(2) and (3); 18 U.S.C. § 3632(d)(4)(C); *see also Saleen v. Pullen*, No. 3:23-cv-147 (AWT), 2023 WL 3603423, at *1 (D. Conn. Apr. 12, 2023) ("Prelease custody can be in the form of either home confinement or transfer to a residential reentry center."). The BOP, however, cannot apply FSA time credits toward an early transfer to supervised release when an inmate's sentence does not include a term of supervised release. 18 U.S.C. § 3624(g) ("*If the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment*, . . . the . . . [BOP] may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under [the FSA].") (emphasis added); *Saleen*, 2023 WL 3603423, at *1.

### III.    DISCUSSION

      The Court holds that, although Petitioner has been earning FSA time credits, he is not yet entitled to application of those credits because his time credits do not currently equal the number

of days remaining in his sentence. As an initial matter, both parties agree that Petitioner's sentence did not include a term of supervised release. Am. Pet. at 7; ECF No. 9-2 at 3. Accordingly, Respondent cannot apply Petitioner's FSA time credits toward supervised release, regardless of how many credits he earns.

In addition, the present record demonstrates that Respondent cannot yet apply Petitioner's FSA time credits toward transfer to prerelease custody, such as home confinement or placement at a residential reentry center, because Petitioner has not yet earned enough credits that equal the number of days remaining in his sentence. On April 8, 2022, Petitioner's federal sentence computation began. ECF No. 5-1 at 3. Petitioner was awarded 921 days of credit for time served between September 30, 2019, and April 7, 2022. *Id.*; ECF No. 9-2 at 2. Petitioner's full-term release date is September 28, 2024. ECF No. 5-1 at 3. Pursuant to 18 U.S.C. § 3642(b), his good conduct release date is January 2, 2024, *id.*, which is 172 days away. According to Petitioner's FSA Time Credit Assessment Sheet, submitted by Respondent, Petitioner has accumulated 150 days of time credits toward prerelease custody between December 18, 2022, and May 28, 2023. ECF No. 9-4. Respondent represents that the BOP keeps track of Petitioner's time credits as he earns them, and that the automated calculation system generates an updated Assessment Sheet of Petitioner's current FSA time credits approximately every thirty days. ECF No. 9 at 6, n.4. Currently, this Court cannot order Respondent to apply Petitioner's time credits immediately because the 150 time credits Petitioner has earned, as of May 28, 2023, do not equal to the 172 days remaining in his sentence.

Courts in this District have uniformly held that the FSA requires the BOP to wait to apply a federal inmate's time credits until the number of credits equals the number of days remaining in his sentence. *See Milchin v. Warden*, No. 3:22-cv-195 (KAD), 2022 WL 1658836, at *3 (D. Conn.

May 25, 2022); *Szanyi v. Pullen*, No. 3:22-cv-1253 (KAD), 2023 WL 1108469, at *2 (D. Conn. Jan. 30, 2023); *Dailey*, 2023 WL 3456696, at *4 (collecting cases). This procedure has a reasonable basis because time credits may be lost. *See* 28 C.F.R. § 523.43(a) ("An inmate may lose earned FSA Time Credits for violation of the requirements or rules of an EBBR Program or PA."); 28 C.F.R. § 541.3 (providing that loss of FSA time credits is an available sanction for prohibited acts); *Dailey*, 2023 WL 3456696, at *4 ("This requirement has a 'common sense basis,' that an individual may lose time credits as a sanction for misconduct while incarcerated."); *Milchin*, 2022 WL 1658836, at *3 (explaining that time credits may be lost, therefore, an inmate is not eligible to have time credits applied until the earned amount is equal to the remainder of the sentence). In addition, before the BOP can apply the time credits, the inmate must have shown a demonstrated risk reduction or maintained a minimum or low risk of recidivism. *See* 18 U.S.C. §§ 3624(g)(1)(B) and (D). Therefore, although Petitioner can earn FSA time credits on an ongoing basis, he is not eligible to have his credits applied until the number of time credits is equal to the number of days remaining in his sentence.

Petitioner appears to contend that the BOP has informed him that he is not able to earn FSA time credits, or that the BOP will simply never apply his credits, because his sentence did not include a term of supervised release. *See* Am. Pet. at 2 ("I was unlawfully being withheld from FSA credits."); ECF No. 13 at 1 ("However, the petitioner has been repeatedly told that he isn't eligible to apply these credits at all due to the lack of a supervised release term."). To be clear, Respondent has agreed that Petitioner has been earning FSA time credits notwithstanding the fact that his sentence did not include a term of supervised release. *See* ECF No. 9 at 5. Indeed, Respondent has demonstrated that the BOP is keeping track of his time credits as he earns them using an automated calculation system. *See* ECF No. 9-4. As explained, however, the FSA time

credits are not applied at the moment they are earned; rather, an inmate becomes eligible for immediate application of his FSA time credits when the number of earned time credits equals the number of days remaining in his sentence. Though Petitioner's sentence did not include a term of supervised release, presumably the BOP will apply Petitioner's time credits, at the proper time, toward transfer to home confinement or placement in a residential reentry center—assuming Petitioner meets the FSA's other eligibility requirements.

On the current record, Petitioner's 150 FSA time credits do not equal the 172 days remaining in his sentence. Should Petitioner continue to earn FSA time credits, and if he does not lose any FSA time credits or good conduct time, he will likely soon earn enough FSA time credits to equal the time remaining on his sentence. At that point, the BOP should apply his time credits toward transfer to prelease custody, if he continues to meet all the other eligibility requirements. *See* 18 U.S.C. § 3624(g)(1) & (g)(2); ECF No. 14 at 3.

### IV. CONCLUSION

For the reasons described above, the amended petition for writ of habeas corpus, ECF No. 11, is DENIED. Any appeal of this order would not be taken in good faith. The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Hartford, Connecticut, this 14th day of July, 2023.

                                            */s/ Sarala V. Nagala*
                                            SARALA V. NAGALA
                                            UNITED STATES DISTRICT JUDGE